506 P.2d 69

**Jerry Arthur WHITE, Plaintiff and Respondent,**

v.

**Nicole Edith WHITE, Defendant and Appellant.**

No. 12960.

Supreme Court of Utah.

Feb. 5, 1973.

Van Cott, Bagley, Cornwall & McCarthy, Steven D. Swindle, Robert N.

Weatherbee, Salt Lake City, for defend-ant-appellant.

Cotro-Manes, Warr, Fankhauser & Beasley, Lauren N. Beasley, Salt Lake City, for plaintiff-respondent.

TUCKETT, Justice:

The court below awarded the plaintiff husband a divorce and awarded the care and custody of the parties' child, Nicolette White, to the plaintiff on the ground that the defendant was unfit. The defendant had filed a counterclaim wherein she prayed for a divorce; that she be awarded the care and custody of the minor child; and that she be awarded alimony, support money and attorney's fees. The court denied the defendant any relief on her counterclaim.

The parties were married on June 13, 1964, in the state of California. Nicolette White, a daughter, was born to the parties on February 23, 1968. After living together in various places in the state of California and in the state of North Carolina during the time the plaintiff was serving a hitch in the Marine Corps, the parties moved to Salt Lake City where the plaintiff elected to pursue his education at the University of Utah. During the last two or three years of the marriage difficulties developed and the parties drifted apart. Some friction developed because the parties were pursuing separate educational goals.

Defendant appealed from those portions of the decree entered in the court below which awarded the plaintiff a divorce and the care and custody of the parties' child. It is the defendant's contention here that each of the parties should have been awarded a decree of divorce as the record showed that each had sufficient grounds to justify such award. The evidence fully supports the court's determination that the plaintiff was entitled to a divorce, however, the action of the court in awarding custody of the parties' four-year-old daughter to the plaintiff requires further consideration.

The record reveals that each of the parties had engaged in illicit sexual relations during the course of the marriage. Each of the parties had engaged in the use of marijuana and other drugs. The defendant testified that she did so on a one or two time experimental basis to determine the effects of the drugs, and the husband testified to greater use of drugs but that he had given up the habit. The record reveals that the defendant earns considerably more money than the plaintiff, and during the time Nicolette was in the custody of the defendant her care and treatment was excellent. The evidence shows that during the periods the defendant was away from the child by reason of her employment the

child was placed in the care of a mature woman. The defendant's employment required her to be away from the child less than twenty hours per week, and the balance of the defendant's time was to a large extent devoted to the needs of Nicolette. The plaintiff testified that defendant always provided Nicolette with clean clothes, proper meals, and that she was properly cared for in all respects.

During the time since the plaintiff assumed the custody and control of the child his work and his schooling occupy thirty hours per week and during that period he plans to leave Nicolette in the custody of a teenage married couple who have one child. The husband of the couple is employed on a part time basis.

After a careful review of the entire record we are of the opinion that the best interests of the child here involved would be best served by awarding custody to the mother. This is in accordance with the statutory pronouncement as set forth in Section 30-3-10, U.C.A.1953, that the mother is best suited to have the care of young children.[1] And it is in keeping with the prior pronouncements of this court.[2]

The decree of the court below is modified so as to award the custody of the child of the parties to the defendant with the right of the plaintiff to visit the child and have the child visit with him at reasonable times. The matter of contribution to the child's support by the plaintiff is left open for such further determination as the district court may deem appropriate under the circumstances. No costs awarded.

CALLISTER, C. J., and ELLETT, and CROCKETT, JJ., concur.

HENRIOD, Justice (concurring and dissenting).

I concur in everything in the main opinion save reversal of the custody award, which I think should be sustained.

The main opinion departs from the "infallibility" rule that the arbiter of the facts, seeing the demeanor and testimony of the parties and what not, should be hon-

---

1. In any case of separation of husband and wife having minor children, or whenever a marriage is declared void or dissolved the court shall make such order for the future care and custody of the minor children as it may deem just and proper. In determining custody, the court shall consider the best interests of the child and the past conduct and demonstrated moral standards of each of the parties and the natural presumption that the mother is best suited to care for young children. The court may inquire of the children and take into consideration the children's desires regarding the future custody; however, such expressed desires shall not be controlling and the court may, nevertheless, determine the children's custody otherwise.

2. Dearden v. Dearden, 15 Utah 2d 105, 388 P.2d 230; Baker v. Baker, 25 Utah 2d 337, 481 P.2d 672.

ored by paying homage to his Solomonic conclusion. It also recites facts more favorable to Nicole, who lost, which the book says we should not do.

It appears that this is one of that myriad of cases where the parties, not caring any more about each other, put a child, as a pawn on the chessboard of life, to suffer the inevitability of certain disadvantage in life, by the King or Queen,—where, in domestic encounters, both usually are checkmated in violation of the rules.

The evidence in this case being a bit more in consonance with a conclusion that a child might better be served by an irresponsible person rather than by an irresponsible sex problem, I think the trial court did not err by letting the father take a try at helping the unfortunate child,—rather than have it grow up, perhaps, in a room adjacent to a mother sleeping not with the child, but with an illicit lover, who probably would not be terribly interested in saving such child from want or lack of attention, or some kind of elementary immorality. I say this, knowing that people are so negative in their thinking and their passions, as to use a small child to punish one to whom he or she has said "I do, until death do we part." I am constrained to believe that in this case the love for a child is being employed as a faint disguise to conceal the real fact: to vent a spleen and in furtherance thereof, to inflict a rather severe and unusual punishment on one party to an erstwhile happy marriage, by a deliberate effort to remove the child from the jurisdiction and any opportunity to visit by taking this child to a place beyond the father's reach. I am convinced that spite permeates this case and that the main opinion does not tend to ameliorate it, but unwittingly tends to and does promote it.